UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KAREN S. JONES, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:19-cv-02729-AGF |
| ROBIN RANSOM VANNOY, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Karen S. Jones for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who brings this action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 4). She names Judge Robin Ransom Vannoy and Judge Lisa P. Page as defendants. (Docket No. 1 at 2-3). Judge Vannoy and Judge Page are sued in both their official and individual capacities. (Docket No. 1 at 10). The case concerns the adoption of plaintiff's granddaughter, CLGJ, which was overseen by a Missouri state court. According to plaintiff, CLGJ is the only child of her deceased son.

Plaintiff's complaint is handwritten on a Court-provided form. She purports to bring this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 675, and various amendments to the United States Constitution. (Docket No. 1 at 4). In the form complaint, plaintiff has included two separate "Statement of Claim" pages, which are best understood if quoted in their entirety. (Docket No. 1 at 7-8). The first "Statement of Claim" asserts in full:

> Denied my constitutional rights to be heard[.] I filed 3 notice of appeals[,] one was not sent. I was attending funeral services down south. [One] case was dismissed even though I request[ed] time to get [an attorney] and to set aside till I get back. I was railroad[ed] out [of] my granddaughter['s] life[,] who was adopted fraudulently by a blood relative and my decease[d] son[,] CLGJ is [his] only child. I paid to intervene[.] I [paid for] everything[:] homestudy[,] FCSR[,] LA/N[,] medical[,] psy[,] etc. I had an incompetent attorney who everybody walked over. But I'm not upset with him because he is a victim like me. All I want is my granddaughter remanded or reverse[d] back to juvenile court [with] new team. Because she was adopted illegally and by preadoptive parents[,] one I knew nothing about. And both had 2nd [and] 4th degree assaults.

(Docket No. 1 at 7). The second "Statement of Claim" contains similar claims as the first. It states in full:

> I was denied my constitutional right to be heard at a trial hearing for transfer custody/adoption of my granddaughter[,] CLGJ[,] on 11-19-18 by Judge Robin Ransom[,] who was the circuit judge but now sits on [the Missouri Court of Appeals, Eastern District,] where I filed 3 notices of appeal. She [had] her clerks [try] to deny until I persisted. This was about Dec. 7, 2018 at St. Louis Juvenile Court. A conspiracy adoption took place and the judges covered for it. I had unsupervised visitation of my granddaughter[,] my son who is deceased['s] only child[,] [who] was murdered in the 1st degree. I was not given notice to consolidate a case which involved 2 grandmas that an [attorney,] Karen Siegel[,] filed at the last minute where Mr. Aranda went to get a motion for make up visits. I have been in CLGJ['s] life since birth and use[d] to babysit her. I suffered hand injuries, neck injuries, depression and all kinds of violations. And have not seen CLGJ since Nov[.] of 2018. She was fraudulently adopted by a blood relative maternal grandmother [and] later I found her husband['s] name on the decree. I have the files with all the

3

>deceitful, fraud, misrepresentation of material facts and proof the preadoptive parents were not investigated.

(Docket No. 1 at 8).

Attached to the form complaint is a twenty-five page typed document titled "Verified Complaint." The document names Judge Vannoy and Judge Page as defendants, but contains a number of allegations against other individuals. The "Verified Complaint' is repetitive and often confusing; however, the thrust of plaintiff's action is that the adoption of her granddaughter was fraudulent and corrupt.[1]

In the "Verified Complaint," plaintiff states that she is the paternal grandmother of CLGJ, whose biological parents are both deceased. (Docket No. 1 at 11). She is protesting the adoption of CLGJ by the maternal grandmother.

Plaintiff states that the adoption of CLGJ was not in CLGJ's best interests for a number of reasons. She alleges various misdeeds by case manager Kate Audrain, accusing her of falsifying documents, abusing her powers, covering up for the maternal grandmother, and giving perjured testimony. (Docket No. 1 at 17-19).[2] She further asserts that an assault that took place in the home of the maternal grandmother should have disqualified her from adopting CLGJ. (Docket No. 1 at 20). Plaintiff also claims that the maternal grandmother failed to take CLGJ "quickly" to a doctor after CLGJ had "a full blown reddish rash." (Docket No. 1 at 15, 26-27).

Plaintiff complains that she was not allowed to intervene after CLGJ was adopted on November 20, 2018. (Docket No. 1 at 24). She states that the adoption was "fraudulent" and

---

[1] Plaintiff has provided several case numbers relating to the juvenile court actions she references in her complaint. However, the Court has been unable to view any of these cases on Case.net, which is Missouri's online case management system.

[2] In a separate lawsuit, plaintiff has sued Ms. Audrain, along with the maternal grandmother, the maternal grandmother's husband, as well as various court clerks, case managers, juvenile court officers, and investigators. *See Jones v. Johnson, et al.*, No. 4:19-cv-3058-RLW (E.D. Mo. Nov. 6, 2019). This case was dismissed without prejudice for lack of subject matter jurisdiction on February 6, 2020.

"slammed through the system." She is also upset that the maternal grandmother's husband had his name on the adoption decree.

When plaintiff attempted to file a notice of appeal, the appeal was dismissed by the Missouri Court of Appeals for lack of jurisdiction. Plaintiff states that the dismissal occurred "behind [her] back while [she was] out of town." An attorney plaintiff hired to write an appeal brief took her money and used it without authorization. (Docket No. 1 at 29). The attorney also allegedly refused to file a supplemental record on appeal, even though plaintiff asked her to do so. Plaintiff further states that she "wrote many motions to [the] Missouri Court of Appeals" but never received a response. (Docket No. 1 at 31).

At some point, plaintiff was apparently barred from the juvenile court building. However, she obtained a court order from a judge in order to file a notice of appeal. (Docket No. 1 at 22). On December 27, 2018, plaintiff claims she was denied entry to juvenile court, handcuffed by police, and charged with trespassing. The charge was later dropped, but plaintiff states she injured her hand and neck.[3] Plaintiff attributes this event to a conspiracy to keep CLGJ's "fraudulent adoption unveiled."

In sum, plaintiff's "Verified Complaint" accuses Judge Vannoy and Judge Page of violating her First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendment rights. (Docket No. 1 at 12).

On February 11, 2020, plaintiff filed a supplement to her original complaint. (Docket No. 7). The supplement consists of ninety-two pages of exhibits, numbered one through thirty-seven. The exhibits include a memorandum for the Court, motions written by plaintiff, police reports, medical records, text messages, and court orders.

---

[3] Plaintiff has filed a separate lawsuit stemming from this incident. *See Jones v. Noga, et al.*, No. 4:19-cv-3315-SNLJ (E.D. Mo. Dec. 20, 2019). The case is still pending.

The supplement mostly repeats the allegations contained in the "Statement of Claim" and "Verified Complaint." For instance, plaintiff alleges that the maternal grandmother did not sufficiently respond to a rash suffered by CLGJ. (Docket No. 7-1 at 13, 37, 49). She also alleges that the maternal grandmother and the maternal grandmother's husband were disqualified from adopting CLGJ because of an assault that took place in the maternal grandmother's home. (Docket No. 7-1 at 2, 16, 32).

In the supplement, plaintiff makes further assertions regarding the existence of a conspiracy to have CLGJ adopted without her knowledge. She states that Judge Vannoy falsified her credentials, was "conspiring and giving out orders," and either "assisted the conspiracy adoption of CLGJ or did not know any better." (Docket No. 7-1 at 10). She also claims that Judge Vannoy and Judge Page conspired together, because they both went to "law school together and are acquaintances." (Docket No. 7-1 at 69). Plaintiff even implies that "the conspirators," which apparently encompasses both defendants, were involved in the death of her son. Specifically, she states that now that she sees "how desperate the conspirators were[,] it would not surprise [her] if [they] had him murdered to get him out of the way." (Docket No. 7-1 at 7). Plaintiff also states that she is fearful that her life might be in danger due to her investigation into the alleged corruption of child protective services. (Docket No. 7-1 at 14-15).

Plaintiff asserts that defendants have abused their discretion, and made factual findings that are clearly erroneous. (Docket No. 1 at 7; Docket No. 7-1 at 75). She asks the Court to review and overturn the adoption of CLGJ as fraudulent. (Docket No. 7-1 at 75). Plaintiff further requests that her granddaughter be returned to juvenile court for proper placement, or have custody of CLGJ transferred to her. (Docket No. 1 at 7, 34). She also wants Judge Vannoy to step down from the

6

Missouri Court of Appeals while her case is pending. Plaintiff does not seek any monetary damages.

## Discussion

Plaintiff is a pro se litigant who brings this civil action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 675, and various amendments to the United States Constitution. She alleges that Judge Vannoy and Judge Page violated her constitutional rights by allowing her granddaughter to be adopted by the maternal grandmother. For the reasons discussed below, the case will be dismissed because the Court lacks subject matter jurisdiction to hear plaintiff's claims. *See* Fed. R. Civ. P. 12(h)(3). Additionally, plaintiff has failed to state a claim against either of the two named defendants. *See* 28 U.S.C. § 1915(e)(2)(B).

### A. No Subject Matter Jurisdiction to Review a State Court Decision

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter

jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

"[B]ecause federal district courts are courts of original jurisdiction, they lack subject matter jurisdiction to engage in appellate review of state court decisions." *Postma v. First Federal Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). The review of a state court decision can only be had in the Supreme Court. *Id. See also Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007) (stating that the "United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas petitions").

Here, while plaintiff asserts the violation of various constitutional rights, she is actually seeking federal review of the juvenile court adoption proceedings. She asks the Court to review and overturn CLGJ's adoption as fraudulent, and because defendants' factual findings were clearly erroneous. (Docket No. 7-1 at 75). Plaintiff further requests that CLGJ's case be returned to juvenile court for "proper placement," or that custody of CLGJ be transferred to her. (Docket No. 1 at 34). In short, plaintiff wants the Court to accept plaintiff's version of events over the version accepted by the state courts, and to substitute those findings for the ones the state courts have already made. The Court lacks subject matter jurisdiction to entertain such claims. Therefore, this action must be dismissed.

**B. No Subject Matter Jurisdiction Based on the Domestic Relations Exception**

Generally, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); and *In re Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States"). To that end, the so-called domestic

relations exception divests the federal courts of jurisdiction over any action for which the subject is divorce, allowance of alimony, or child custody. *See Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013); and *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). These matters are left to the exclusive jurisdiction of state courts. *Ankenbrandt*, 504 U.S. at 703-04. Even when a cause of action is closely related to, but does not precisely fit the contours of an action for divorce, alimony, or child custody, federal courts will still generally abstain from exercising jurisdiction. *Kahn*, 21 F.3d at 861. *See also Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in federal court").

Plaintiff has drafted the instant action in such a way that her claims purport to arise under the United States Constitution. However, the claims are either directly related to or entirely interwoven with state child custody proceedings. Specifically, plaintiff's lawsuit is premised on the contention that her granddaughter was wrongfully allowed to be adopted by the maternal grandmother. Review of these claims would require the Court to inquire into the state court processes surrounding the custody and adoption of a minor child who has been placed in a relative's home. The Court would also be placed in the position of determining CLGJ's best interests, a matter that is squarely within the ambit of state law. *See Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) (stating that "[t]here is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner, and as a matter of policy and comity, these local problems should be decided in state courts").

As the party invoking jurisdiction, plaintiff has the burden of persuading the Court that it has subject matter jurisdiction over her lawsuit. Plaintiff has failed to do so. Therefore, this case must be dismissed for lack of jurisdiction under the domestic relations exception.

### C. Failure to State an Official Capacity Claim

Plaintiff has sued Judge Vannoy and Judge Page in their official, as well as individual capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In order to prevail on an official capacity claim, plaintiff must establish the liability of the governmental entity that employs defendants. *See Kelly*, 813 F.3d at 1075. According to plaintiff, both defendants are judges who are employed by the State of Missouri. As such, the official capacity claims against them are actually claims against the state itself. However, plaintiff has not provided any facts demonstrating that her constitutional rights were violated due to a Missouri policy, custom, or failure to train. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (stating that liability against a governmental entity may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or

supervise). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Therefore, the official capacity claims against defendants must be dismissed.

### D. Judicial Immunity and Failure to State an Individual Capacity Claim

Plaintiff has also sued Judge Vannoy and Judge Page in their individual capacities. Plaintiff's individual capacity claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because both Judge Vannoy and Judge Page are entitled to judicial immunity. Moreover, even if defendants were not immune from suit, plaintiff has failed to state a claim against them.

#### i. Judicial Immunity

Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining

party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). The United States Court of Appeals for the Eighth Circuit has explained:

> The factors determining whether an act by a judge is a judicial one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. In examining these factors, if only the particular act in question were to be scrutinized, then any mistake of a judge in excess of his authority would become a nonjudicial act, because an improper or erroneous act cannot be said to be normally performed by a judge. But if judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority. The relevant inquiry is the nature and function of the act, not the act itself. This means that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge.

*Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019) (internal citations and quotations omitted).

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

Here, there is no indication in the complaint or the supplement that Judge Vannoy or Judge Page are being accused of non-judicial actions. The allegations against them, such as they are, concern the issuing of legal orders and opinions, ruling on motions, and determining the admissibility of evidence. All are functions normally performed by a judge. Furthermore, plaintiff has not shown that either judge acted in the complete absence of jurisdiction. For example, she has

not alleged that CLGJ's adoption case was determined by a criminal court that did not have jurisdiction over a family law matter. Because defendants acted in a judicial capacity, and did not act in the absence of jurisdiction, they are entitled to immunity from suit. This immunity is not defeated by plaintiff's allegations of bad faith, corruption, or malice. As such, plaintiff's individual capacity claims against defendants must be dismissed.

### ii. Failure to State a Claim

To avoid dismissal, plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). The reviewing court looks at the well-pleaded facts in the complaint to determine whether the pleading party has provided the necessary notice, thus stating a claim in the manner contemplated by the Federal Rules. *Parkhill v. Minnesota Mut. Life Ins. Co.*, 286 F.3d 1051, 1057-58 (8th Cir. 2002).

In reviewing the complaint, the Court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the plaintiff. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). However, to state a cause of action, a "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). In other words, the Court will "ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Plaintiff's complaint and supplement fail to state claims against either Judge Vannoy or Judge Page. Much of the complaint, as well as the supplement, is devoted to plaintiff's accusations against individuals other than defendants. She spends a great deal of time, for instance, alleging various improprieties against the case manager. When defendants are mentioned, it is in a conclusory manner which makes it impossible to know what each defendant actually did or did not do to allegedly violate plaintiff's rights. For example, at one point in the "Verified Complaint," plaintiff notes that when she was out of town, her appeal was dismissed by the Missouri Court of Appeals. (Docket No. 1 at 24-25). Without further explanation, plaintiff concludes that Judge Page was thereby liable for violating her Fifth, Ninth, and Fourteenth Amendment rights. The Court is free to ignore such unsupported legal conclusions, of which the complaint is mostly comprised.

Besides relying on conclusory assertions, many of plaintiff's allegations are baseless. In particular, her repeated assertions that defendants are involved in a conspiracy to adopt CLGJ without her knowledge, including the implication that the conspirators might have been involved in her son's murder, are entirely unsupported by any statements of fact. Rather than present a plausible claim for relief, plaintiff asks the Court to speculate broadly that every adverse ruling plaintiff received in the state juvenile court was the result of a conspiracy to deprive her of her constitutional rights. This is not sufficient to state a claim. Therefore, the individual capacity claims against defendants must be dismissed.

**E. Order of Dismissal**

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court is required to dismiss an action at any time that it determines it lacks subject matter jurisdiction. Moreover, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action filed in forma pauperis at any time if the Court determines that plaintiff has failed to state a claim upon which relief can be granted.

As discussed above, the Court lacks subject matter jurisdiction because plaintiff is seeking federal review of state court decisions, for which a district court has no authorization. The Court also lacks subject matter jurisdiction under the domestic relations exception, because plaintiff's complaint concerns a child custody matter. Furthermore, plaintiff has failed to state a claim against defendants in either their official or individual capacities. For these reasons, this action must be dismissed.

### F. Pending Motions

Plaintiff has filed a motion for appointment of next friend (Docket No. 2), a motion to appoint counsel (Docket No. 4), and a motion for hearing (Docket No. 6). The motions will all be denied as moot as this action is being dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of next friend (Docket No. 2), motion to appoint counsel (Docket No. 4), and motion for hearing (Docket No. 6) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3); and 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 19th day of March, 2020.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE